In the matter of the probate of the last will and testament of LINDA H. AMSDEN, deceased.

[Argued February 2d, 1937. Decided April 30th, 1937.]

Mr. *Merritt Lane* and Mr. *Charles E. Kulp,* for the appellant.

*Messrs. Starr, Summerill & Lloyd* (Mr. *Alfred E. Driscoll,* of counsel), for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

This is an appeal from a decree of the prerogative court affirming a decree of the Camden county orphans court where was affirmed the order of the surrogate of that county denying probate of a certain instrument in writing dated May 12th, 1910, purporting to be the last will and testament of Linda H. Amsden, deceased.

The written instrument had annexed thereto an attestation clause as follows:

"We certify that Linda H. Amsden signed the above in our presence.

ARLINE R. MANSFIELD,
JENNIE A. JOHNSTON."

The vice-ordinary denied probate because he was unable to find "that the testatrix signed or acknowledged her signature to the will in the presence of both of these two witnesses, and [was also unable to find] that one of the witnesses, Miss Johnston, signed in the presence of the testatrix."

We are of the opinion that the decree made by the vice-ordinary denying probate was right, but, for reasons we will now state, we are not wholly in agreement with his reasons therefor.

Of course the vice-ordinary properly recognized the rule that the formalities prescribed by an act concerning wills upon which all valid wills must rest, are—first, that the will shall be in writing; second, that it shall be signed by the testator; third, that the signature of the testator shall either be made or acknowledged by him in the presence of two witnesses who shall be present at the same time; fourth, that the writing shall be declared by the testator to be his last will, in the presence of those witnesses, present at the same time as aforesaid; and fifth, that the two witnesses shall subscribe their names thereto in the presence of the testator. *Bioren* v. *Nesler*, 77 *N. J. Eq. 560; Darnell* v. *Buzby*, 50 *N. J. Eq. 725; affirmed*, 52 *N. J. Eq. 337.*

Each and every one of these requisites must exist. They are not in the alternative. *In re Sage*, 90 *N. J. Eq. 580.*

As we have seen, the will in question is in writing, but it had an imperfect attestation clause. Among other contentions below, and here, is that the fifth essential formality, namely, "that the two witnesses shall subscribe their names thereto in the presence of the testator," was not complied with.

We believe that contention is sound. The vice-ordinary so found and our examination of the proofs discloses that that finding was justified.

The attestation clause reading "we certify that Linda H. Amsden signed the above in our presence" does not state the fifth essential to the making of a valid will, namely, "that the two witnesses shall subscribe their names thereto in the presence of the testator" and therefore to succeed the proponent was required to furnish affirmative proof of compliance with such statutory requirement. *Allaire* v. *Allaire, 37.N. J. Law 312; affirmed, 39 N. J. Law 113; Lacey* v. *Dobbs, 63 N. J. Eq. 325; Bioren* v. *Nesler, supra.*

In recognition of this situation the proponent endeavored to supply the essential proof. That effort was not successful.

It appears that the will purports to have been executed on May 12th, 1910. The testatrix died June 17th, 1934. In the meantime one of the witnesses, Mrs. Mansfield, had died, and the other, Miss Johnston, had become the victim of a disease which obliterated her memory of facts which occurred in the distant past, so that she was unable to recall any of the circumstances of witnessing the will.

In this posture of affairs the proponent produced a witness, Mrs. Randall, a niece of the testatrix. She was a girl of fourteen years at the time of the alleged execution of the will in 1910. She testified that she came home from school for lunch and as she entered the house she saw her aunt, the testatrix, with a paper in her hand, talking to Miss Johnston; that she watched from a point about eight feet away. She further testified that "Miss Johnston seemed reluctant to do whatever she was being asked to do;" that Mrs. Mansfield, the other witness, then came into the house and Mrs. Randall's mother said, "it is Mrs. Mansfield; she will sign it for you;" that the testatrix then said "she was making out her will and

would like to have her witness it and she [Mrs. Mansfield] said she would be glad to do so and walked to the table immediately and signed it." The witness further testified that "then I went into the kitchen to get my lunch; I did not see Miss Johnston sign the will. I saw Mrs. Mansfield sign the will; she is the only one I saw sign the will." Such is the extent of the testimony pertinent to the question now under investigation, and it is therefore obvious that there is no proof as to when and where Miss Johnston signed the will or that she signed it in the presence of the testatrix.

Such being the posture of the proof, the proponent invoked the maxim that "all things are presumed to have been rightly and duly performed until it is proved to the contrary" and cites *In re Hallon, 111 N. J. Eq. 143.* But that maxim cannot prevail where, as here, the attestation clause of the will omits to state performance of all requisites for proper execution of the will, and where, as here, the testimony fails to show the performance of the omitted act. As pointed out by the vice-ordinary in the present case the maxim referred to in the *Halton Case* was "called upon there merely to support an attesting witness; here it is called upon to stand alone."

At best for the proponent we are left to conjecture as to when and where and in whose presence the witness signed the alleged will. In such case the rule is that the court has no right to substitute conjecture for positive proof of conformity to the statutory requirements. *Ludlow* v. *Ludlow, 36 N. J. Eq. 597, 601.*

The decree below will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.

*For reversal*—None.